UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

DAVID B. CASH #140175,

    Plaintiff,

v.                                             4:06-cv-05

ROBERT MEEKS, BRENT MYERS,
LADUE BOULDIN, and GLENN MAYES,

    Defendants.

## **MEMORANDUM AND ORDER**

This is a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983. Because the plaintiff did not pay the $250.00 filing fee[1] nor submit an application to proceed *in forma pauperis*, plaintiff was given thirty days to pay the filing fee or to submit the proper documents to proceed *in forma pauperis*. In response, plaintiff filed an affidavit, in which he alleged that prison officials lost his *in forma pauperis* application, and also filed a motion to compel prison officials to certify his account balance. Under the circumstances, plaintiff will be allowed to proceed without the prepayment of costs or fees, and his motion to compel is **DENIED** as **MOOT**. However, for the following reasons, process shall not issue and this action is **DISMISSED**.

---

[1] Plaintiff submitted his complaint before the filing fee increased from $250.00 to $350.00.

Plaintiff is in the custody of the Tennessee Department of Correction. His complaint concerns the Grundy County Jail. The defendants are Grundy County Sheriff Brent Myers, former Sheriff Robert Meeks, Mayor LaDue Bouldin, and former Jail Administrator Glenn Mayes. Plaintiff alleges a violation of civil rights and cruel and unusual punishment resulting in pain and suffering, mental anguish, and emotional stress, from February 2, 2005 until October 31, 2005.

Presumably, plaintiff was confined in the jail during that time, although he does not explicitly state so. In addition, plaintiff does not state the specific facts regarding each claim. Conclusory allegations, without more, fail to state a claim for which relief can be granted under 42 U.S.C. § 1983. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). *See also Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985) ("A pleading will not be sufficient to state a cause of action under the Civil Rights Act if its allegations are but conclusions.") (internal quotations omitted).

Although this court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the court finds his claims to be frivolous under 28 U.S.C. § 1915(e) and § 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams* 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte,* as frivolous and for failure to state a claim upon which

relief can be granted under § 1983. The court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is in the custody of the Tennessee Department of Correction, he is herewith assessed the civil filing fee of $250.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, P.O. Box 459, Winchester, Tennessee 37398, as an initial partial payment, whichever is greater of:

    (a)    twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

    (b)    twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of two hundred fifty dollars ($250.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the Warden of the Charles B. Bass Correctional Complex, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation

Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Order to the court's financial deputy.

**E N T E R :**

                                                *s/ Harry S. Mattice, Jr.*
                                                HARRY S. MATTICE, JR.
                                         UNITED STATES DISTRICT JUDGE